# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

KENT JOSEPH LEWIS

NO. 2026 KW 0438

**JULY 16, 2026**

---

In Re:    Kent Joseph Lewis, applying for supervisory writs, 21st
          Judicial District Court, Parish of Livingston, No. 22-
          FELN-045292.

---

BEFORE:   **THERIOT, LANIER, AND MILLER, JJ.**

   **WRIT GRANTED.** The record reflects that after accepting the
State and the defense's plea agreement for a six-year sentence,
suspended, and three years of probation for unauthorized entry of
an inhabited dwelling, the district court nevertheless explicitly
sentenced relator to six months with three years of probation, as
documented in the court minutes and the sentencing transcript. The
State acquiesced in this sentence, as the State did not object to
the six-month sentence or seek to enforce the plea agreement by
filing a motion to reconsider sentence. See La. Code Crim. P.
art. 881.1(A)(1). One purpose of the motion to reconsider sentence
is to allow the mover to raise any errors that may have occurred
in sentencing while the district court still has jurisdiction to
change or correct the sentence. See **State v. Thames**, 2015-1298
(La. App. 1st Cir. 9/19/16), 2016 WL 5118581, *3 (unpublished),
writ denied, 2016-1911 (La. 9/6/17), 224 So.3d 981. Therefore,
the district court committed legal error when it sentenced relator
at the revocation proceedings to serve six years with the
Department of Public Safety and Corrections, when relator was
legally subjected to only a six-month sentence. Accordingly, the
six-year sentence is vacated, the six-month sentence is
reinstated, and this matter is remanded. The district court is
ordered to immediately comply with this ruling and to amend the
minute entry and commitment order.

                              MRT
                              WIL
                              SMM

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT